UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT LAMONT KIZER
    Plaintiff,

v.

HOUSTON COUNTY JAIL
    Defendant.

No. 3 09 0783
(No. 3:09-mc-0184)
Judge Trauger

## MEMORANDUM

The plaintiff, proceeding *pro se*, is an inmate at the Houston County Jail in Erin, Tennessee. He brings this action against the Houston County Jail seeking unspecified relief.

The plaintiff complains about conditions of his confinement at the jail. More specifically, he alleges that he is a victim of racial discrimination. In addition, the plaintiff alleges that he has been improperly isolated in a cell that smells of urine, refused medical care, and refused work around the jail.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Liberal construction, however, does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). A plaintiff is required to plead more than bare legal conclusions. Lillard v. Shelby County Board of Education, 76 F.3d 716, 726 (6th Cir. 1996). Thus, a *pro se* litigant must meet the basic pleading requirements for a complaint in order to state a cognizable claim for relief. Wells, *supra*. The plaintiff must identify the right or privilege that was violated and the role that the defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982).

In this case, the plaintiff has named but one defendant, the Houston County Jail. A building, however, is incapable of violating an individual's rights. Thus, it has been recognized that a jail is not subject to suit for alleged violations of an inmate's civil rights. Rhodes v. McDannel, 945 F.2d 117, 120 (6th Cir. 1991); Marbry v. Correctional Medical Service, No. 99-6706, 2000 U.S. App. LEXIS 28072 (6th Cir.;11/6/00). Consequently, the plaintiff has failed to state a claim upon which relief can be granted.

When a prisoner plaintiff has failed to state a claim, the Court is obliged to dismiss his complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Therefore, an appropriate order will be entered.

Aleta A. Trauger
United States District Judge